John and Susan **HARRISON**, Plaintiffs,

v.

**OTTO G. HEINZEROTH MORTGAGE COMPANY et al.**, Defendants.

Civ. No. C74–390.

United States District Court,
N. D. Ohio, W. D.

May 28, 1976.

Jay Mulkeen, Nat'l Comm. Against Discrimination in Housing, Washington, D. C., for plaintiffs.

Peter M. Handwork, Toledo, Ohio, for defendants.

MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

This cause comes to be heard upon defendants' motion to dismiss the complaint as amended for failure to state a claim upon which relief can be granted. F.R. Civ.P. 12(b)(6). The complaint alleges that

plaintiffs, white persons who attempted to purchase a home in an integrated or predominantly black neighborhood, were refused a mortgage loan with terms and conditions equal to those of loans on homes in predominantly white neighborhoods, solely because of the racial composition of their intended neighborhood, in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* Jurisdiction is predicated upon §§ 3612 and 3617 of the Act.

Defendants contend that the Fair Housing Act confers rights only upon complainants for discrimination against them, not for discrimination based on the race of area inhabitants. Since plaintiffs do not allege discrimination against them because they are white, no cause of action is stated.

Such a motion must be overruled unless it appears that the plaintiffs can prove no state of facts in support of the allegations of the complaint that would entitle them to relief.

■ The Court finds that defendants' motion is not well taken. For purposes of ruling on the motion, the Court must accept as true the allegation that defendant restricted or denied the loan to plaintiffs *solely* because the home is located in an integrated or predominantly black neighborhood. The Supreme Court has stated that the Fair Housing Act is to be generously construed to cure the evil of racial discrimination in housing. Reviewing the legislative history of the Act, the Supreme Court found that "[w]hile members of minority groups were damaged most from the discrimination in housing practices, the proponents of the legislation emphasized that those who were not the direct objects of discrimination had an interest in ensuring fair housing, as they too suffered." *Trafficante v. Metropolitan Life Ins.,* 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972). Plaintiffs in the instant case allege that they were objects of racial discrimination because their loan request was rejected solely because of the racial composition of their intended neighborhood. Clearly these plaintiffs were more directly "aggrieved" than were the white plaintiffs in *Trafficante, supra.*

■ Nothing in §§ 3604–3606 of the Fair Housing Act, its legislative history, or underlying administrative regulations explicitly limits its applicability to discrimination on the basis of the complainant's race. It is enough that a complainant demonstrate that he was denied housing opportunities solely on the basis of racial considerations. Racial discrimination in the management of an apartment building cannot be distinguished from racial discrimination in the extending of loans according to neighborhoods. *Trafficante, supra* at 209, 212, 93 S.Ct. 364.

Therefore, for the reasons stated herein, good cause appearing, it is

ORDERED that defendant's motion to dismiss the complaint for failure to state a claim should be, and hereby is denied.